IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.   Docket No. 4:01-cr-97
   Hon. Arenda L. Wright Allen

RAY WASHINGTON, JR.,

      Defendant.

### MEMORANDUM IN RESPONSE TO ORDER ON LETTER MOTION

Ray Washington, Jr. filed a *pro se* Letter Motion alleging that his federal sentence was computed and executed incorrectly. ECF No. 53. As a result, his state terms of imprisonment are now running consecutively to his discharged federal term of imprisonment, rather than concurrently as the federal court intended. *Id.* After reviewing Mr. Washington's motion, this Court appointed counsel to evaluate Mr. Washington's claims, consult with him, and then "file a motion or file a Memorandum explain that no motion is warranted." ECF No. 58. Counsel submits this Memorandum in response to the Court's February 12, July 12, August 3, 2021 Orders, and will not be filing a motion at this time.

### I.   CASE BACKGROUND

On November 1, 2001, Mr. Washington pled guilty to two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) - Counts 14 and 19 of the Indictment. On March 11, 2002, Judge Friedman sentenced Mr. Washington to 188 months' imprisonment, consisting of 120 months on Count 14, and 68 months on Count

1

19, to run consecutively. ECF No. 17. Judge Friedman recommended that "the Bureau of Prisons designate the Virginia Department of Corrections to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to judgments in docket numbers 46860-01, 46861-01, 46862- 01, 46864-01, 46865-01, 46868-01, 46869-01, and 46870-01, in Newport News Circuit Court." *Id*. at 2.

A few days prior to his sentencing in federal court, Mr. Washington was transferred to the custody of Virginia for sentencing by the Newport News Circuit Court.[1] On March 7, 2002, the Newport News Circuit Court sentenced Mr. Washington to a total of 30 years. It appears that the state sentencing orders are silent as to how the sentences were to run in conjunction with the yet-to-be-imposed federal sentence. Following his sentencing hearing in Newport News, Mr. Washington was transferred back to federal custody, sentenced, and then sent to the Bureau of Prisons (BOP) to serve his federal sentence despite Judge Friedman's clear recommendation that he serve his federal sentence in VDOC custody.

On April 16, 2002, VDOC lodged a detainer with the Inmate Systems Manager at USP Coleman. On May 10, 2002, the BOP notified VDOC that a detainer had been filed against Mr. Washington.

---

[1] Mr. Washington is not challenging the legitimacy or legality of the state's actions before this Court at this time. Mr. Washington may raise such a challenge in the Virginia court system or through a state administrative process. It is therefore important to note that counsel's recitation of the following information is not a concession as to the legality of the state's actions in this matter.

Mr. Washington served his federal sentence. Upon completion of his federal term of imprisonment on February 19, 2015, he was transferred to the custody of VDOC to complete the remainder of his state-imposed term of imprisonment. Once in the custody of the VDOC, Mr. Washington learned that the VDOC did not compute his state sentence to include the time he was incarcerated in the BOP and that his release date was noted to be December 11, 2040. As a result, Mr. Washington wrote letters (including a letter motion to amend judgment) to this Court making the Court aware of this fact. *See* ECF Nos. 48, 51.

This Court construed Mr. Washington's letter motion to amend judgment (ECF No. 51) as a motion to clarify and granted his motion. *See* Order of February 12, 2018, ECF No. 52. In this Order, the Court clearly stated as follows:

> [t[he Court CLARIFIES that Mr. Washington's sentence of 188 months in federal docket number 4:01cr97-1 shall run concurrently to his undischarged state sentences at Newport News Circuit Court docket numbers 46860-01, 46861-01, 46862-01, 46864-01, 46865-01, 46868-01, 46869-01 and 46870-01.

ECF No. 52 at 2 (citations omitted). The Court also "reiterate[d] the recommendation that the Bureau of Prisons designate the Virginia Department of Corrections to be the place of service." *Id.* Moreover, the Court stated in this Order that,

> Any entity that remains in noncompliance with this Order and the clarifications provided herein is directed to file a status report detailing the reasons for this noncompliance and indicating the actions this Court should take to resolve these issues. Such status report must be filed within sixty days of the date of entry of this Order.

*Id.* at 2-3. It should be noted that before the entry of the February 12, 2018 Order, the Clerk of this Court sent the court and legal services department of the VDOC a letter on June 5, 2017 enclosing a certified copy of the Judgment Order and advising that Mr. Washington's "time is to be 'concurrent with the defendant's imprisonment pursuant to the judgments in docket numbers 46860-01, 46861-01, 46862-01, 46864-01, 46865-01, 46868-01, 46869-01, and 46870-01, in Newport News Circuit Court.'" *See* ECF No. 50.

Upon appointment, defense counsel confirmed that the VDOC still noted Mr. Washington's release date to be December 11, 2040. In other words, the VDOC has failed to compute Mr. Washington's sentence to include the time he was incarcerated with the BOP. Recently, counsel learned that the VDOC referred communications regarding Mr. Washington's case to the Commonwealth Attorney General's Office. After reviewing the case, the Commonwealth has determined that the sentences and Mr. Washington's projected release date are properly calculated.

**II. ANALYSIS**

What is happening to Mr. Washington is unjust. It is wrong. Virginia imposed its sentences on March 7, 2002, and Judge Friedman could not have been clearer when sentencing Mr. Washington four days later that the federal sentence was to run *concurrently* to the state sentences. The Court did everything it could to ensure this was the outcome at sentencing. But it is not the outcome, even after this Court has reiterated the sentencing court's intent. Had the Court known earlier what this Court knows now, perhaps there were other ways to achieve the intended result. *See United States v. Lopez*, No. 1:07-CR-137, 2021 WL 1550240, at *4 (E.D. Va. Apr. 20, 2021) (imposing a reduced

4

federal sentence under 18 U.S.C. § 3582(c)(1)(A) to take into account Virginia's failure to run its sentence concurrent, and observing that "it is axiomatic that a criminal defendant may not be incarcerated for any period longer than necessary to achieve the goals of sentencing.).

But here we are. The BOP failed to honor the Court's intent to have Mr. Washington's federal sentence run concurrently to the state sentences. *See* 18 U.S.C. § 3621(b); *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005) ("Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement."); *In re McCall*, 32 F. App'x 80, 81 (4th Cir. 2002) (§ 3621(b) grants the BOP "plenary power to designate [the] place of confinement"). Mr. Washington is now in the custody of the VDOC after serving his federal term of imprisonment in BOP custody. The BOP turned Mr. Washington over to Virginia authorities in 2015. The transfer is not surprising. After all, Mr. Washington's state sentences totaled 30 years running consecutively, which is substantially longer than the federal term of imprisonment. It was not until after the transfer occurred and VDOC computed Mr. Washington's sentence without crediting the time in federal custody that the problem, and its magnitude, would became apparent: Mr. Washington is currently serving a total sentence that at least 14 *years* longer than necessary to achieve the purposes of sentencing.

After reviewing and analyzing the case, counsel for Mr. Washington is not moving the Court for relief at this time. However, this an injustice that must be remedied. To that end, counsel is reaching out to state practitioners and exploring other possible avenues of relief for Mr. Washington in state court or through administrative processes. Virginia

law allows for state sentences to run concurrently to federal sentences, and that was the intended outcome here. *See* Va. Code § 19.2-308.1 (authorizing a Virginia state court judge to order that a Virginia state sentence run concurrently with a sentence imposed in another jurisdiction).

## CONCLUSION

As directed by the Court, counsel reviewed Mr. Washington's *pro se* Motion. Based on the information set forth above, counsel will not be filing a motion for relief at this time. To the extent possible, counsel will assist Mr. Washington in determining whether he may be able to obtain relief through the state, the VDOC, or another avenue, and how to initiate that process.

Respectfully submitted,

RAY WASHINGTON, JR.

_____/s/_____
Keith Loren Kimball
VSB No. 31046
Supervisory Ass't Federal Public Defender
Attorney for Ray Washington, Jr.
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Telephone: 757-457-0800
Telefax: 757-457-0880
Email: keith_kimball@fd.org

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

                                                                                    /s/
                                            Keith Loren Kimball
                                            VSB No. 31046
                                            Supervisory Ass't Federal Public Defender
                                            Attorney for Ray Washington, Jr.
                                            Office of the Federal Public Defender
                                            150 Boush Street, Suite 403
                                            Norfolk, Virginia 23510
                                            Telephone: 757-457-0800
                                            Telefax: 757-457-0880
                                            Email: keith_kimball@fd.org